**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | § | |
|---|---|---|
| **JANE HELLER and KRISTI** | § | |
| **VONDEYLEN,** | § | |
| | § | |
| **Plaintiffs,** | § | **EP-22-CV-00398-FM** |
| | § | |
| **v.** | § | |
| | § | |
| **MARRIOTT VACATIONS** | § | |
| **WORLDWIDE CORP.,** | § | |
| | § | |
| **Defendant.** | § | |

## FINAL JUDGMENT AND DISMISSAL

On this day the court considers the status of this cause. On February 2, 2024, the court adopted United States Magistrate Judge Torres' Report and Recommendation.[1] Thus, both the Defendant's motion to dismiss for lack of personal jurisdiction and the Plaintiffs' motion for leave to amend their complaint were granted.[2] Give the dismissal of the only named Defendant in this case, Marriott Vacations Worldwide Corp., the court did not accept the Plaintiffs' original second amended complaint since it listed the dismissed party. Accordingly, the court gave the Plaintiffs' twenty days to file a second amended complaint which did not include the dismissed party.[3]

In lieu of filing a second amended complaint, the Plaintiffs requested an extension of time to do so. They requested an extension until March 25, 2024, to file their second amended complaint as they had been "continu[ing] their investigation to verify the source of the calls made to

---

[1] "Order Adopting Report and Recommendation" 5, ECF No. 39, entered Feb. 2, 2024.

[2] *Id.*

[3] *Id.* at 6.

1

Plaintiffs."[4] The court granted the Plaintiffs' request; thus giving them over fifty days to file a second amended complaint, but stated in no uncertain terms, "[t]he Plaintiffs are also WARNED that no further extensions will be granted regarding this complaint. If Plaintiffs fail to file their second amended complaint on time, this court will use its discretionary powers to dismiss this case for failure to prosecute."[5]

Despite this unequivocally clear warning, the record reflects that the Plaintiffs failed to either file their second amended complaint or move for an extension showing good cause. Thus, utilizing a Federal District Court's inherent power to manage its own affairs, this cause is now dismissed without prejudice.[6] Accordingly,

1. It is **HEREBY ORDERED** that this cause is **DISMISSED WITHOUT PREJUDICE.**

2. All pending motions, if any, are **DENIED AS MOOT**.

3. The Clerk of Court is **INSTRUCTED** to **CLOSE** this cause.

**SIGNED AND ENTERED** this <u>27th</u> day of **March 2024.**

_____
**FRANK MONTALVO**
**SENIOR UNITED STATES DISTRICT JUDGE**

---

[4] "Plaintiffs' Motion to Extend Time to File Amended Complaint" 2, ECF No. 40, filed Feb. 21, 2024.

[5] "Order Granting Plaintiffs' Motion to Extend Time to File Amended Complaint" 2, ECF No. 41, entered Feb. 22, 2024.

[6] *See Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962) (Deciding that Federal Rule of Civil Procedure 41(b) does not restrict a court's inherent authority to unilaterally dismiss a case for failure to prosecute. "The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.").